UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

EDNA MALLERY                              CIVIL ACTION NO. 13-cv-2790

VERSUS                                    JUDGE DOHERTY

CAREN BECKER AND                          MAGISTRATE JUDGE HANNA
PROGRESSIVE COUNTY MUTUAL
INSURANCE COMPANY

### *Report and Recommendations*

Before the court is the plaintiffs' Motion to Amend Complaint and Remand

Case to State Court [Rec. Doc. 7], which has been referred to the undersigned for

Report and Recommendation.  For the reasons set out below, the undersigned

recommends that the motion be GRANTED and this matter be REMANDED to

the state district court from which it was removed.

### *Factual and Procedural Background:*

On October 14, 2012, Edna Mallery was a guest passenger in a vehicle

driven by her husband Felton Mallery, when they were allegedly struck by the

defendant Caren Becker. The case was timely removed to this court from the 15th

Judicial District Court, Parish of Vermilion, based on diversity jurisdiction. [Rec.

Doc. 1]  Per the Petition filed in state court, Plaintiff is a resident of Louisiana; the

alleged insurer of Becker, Progressive County Mutual Insurance Company is a

foreign insurer[1]; and Becker is Texas resident. [Rec. Doc. 1-1]  Damages apparent from the petition describe Ms. Mallery's right shoulder injury requiring compression/repair surgery.

After removal, on October 3, 2013, Progressive filed an answer [Rec. Doc. 5] asserting defenses including the fault of Felton Mallery as the driver of the vehicle in which the plaintiff was a passenger.  On October 31, 2013, Ms. Becker, represented by the same attorneys, filed an answer to the petition, specifically consenting to the Petition for Removal filed by her insurance carrier[2]. [Doc. 9] She too raised the defense of the fault of Felton Mallery.

On October 30, 2013, the plaintiff filed the Motion to Amend Complaint and Remand Case to State Court [Rec. Doc. 7], seeking to add the new defendant, Gramercy Insurance Company.  In the proposed amended pleading, the plaintiff

---

[1]In its Corporate Disclosure Statement, Progressive identifies itself as an insurance company authorized to do and doing business in the State of Texas. [Rec. Doc. 3] Progressive, as the insurer of Becker who is a Texas citizen, would be deemed a citizen of Texas per 28 USC §1332(c)(1), since the plaintiff has taken a "direct action" against the insurer of a policy of liability insurance, in which case the insurer is deemed a citizen of "every State and Foreign state of which the insured is a citizen."  The Louisiana counterpart is La. R.S. 22:1269, which forces a liability insurer to adopt the citizenship of its insured in direct action cases.

[2]Defense counsel has asserted, with evidence, that despite diligent effort to confirm service on Ms.Becker with the Vermilion Parish Clerk of Court, as late as mid-October it was advised that service was being withheld. [Rec. Doc. 14] On receipt of the affidavit of service from plaintiff's counsel on October 31, 2013, the Answer was filed for Ms. Becker including the consent to removal. [Rec. Doc. 9] Although the affidavit and other documents are referenced by the plaintiff in the memorandum supporting this motion, the documents are not in the record. [Rec. Doc. 7-1]

asserted for the first time that the accident sued upon was the fault of and proximately caused by her husband Felton Mallery, "a non-party" to the litigation. [Doc. 7-2] She named Gramercy Insurance Company as the insurer of Felton Mallery, correctly asserting that Gramercy is deemed to be a citizen of Louisiana per 28 U.S.C. §1332(c)(1) and La. R.S. 22:1269.  Because the new defendant would destroy diversity jurisdiction, the plaintiff now asserts the case must be remanded to state court.   The defendants oppose the amendment of the pleading. [Rec. Doc. 10]

### *Applicable Law and Discussion*

The provisions of 28 U.S.C. §1447(e) establish that if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court is vested with broad discretion to "deny joinder, or permit joinder and remand the action to the State court." *Id.*  At this stage, the "freely given" standard of Fed. R. Civ. P. Rule 15(a) does not apply, and the proposed amendment must be more closely scrutinized.  *Short v. Ford Motor Co.*, 21 F.3d 1107 (5th Cir. 1994) (citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).  A motion for leave to amend to add a non-diverse party whose inclusion would destroy diversity and divest the court of jurisdiction is

governed by §1447(e) and triggers the application of the factors enunciated by the Fifth Circuit in *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir.1987).

In *Hensgens*, the Fifth Circuit set forth a four-factor test for determining whether the addition of a non-diverse defendant requiring remand should be granted, or whether the amendment seeking to add the non-diverse defendant should be denied, allowing the federal court to retain jurisdiction.  The four factors are (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) "any other factors bearing on the equities" in the case at hand. *Id.*  The balance does not hinge on "a rigid distinction of whether the proposed added party is an indispensable or permissive party." *Id.*  Further, "the addition of a non-diverse party must not be permitted without consideration of the original defendant's interest in the choice of forum." *Id.* In conducting the *Hensgens* analysis, the district court, with input from the defendant, should balance the equities and decide whether amendment should be permitted.  If it permits the amendment to add the non-diverse defendant(s), it then must remand to the state court.  If the amendment is not allowed, the federal court maintains jurisdiction.

***Is the purpose of the amendment to defeat federal jurisdiction?***

Some courts looking at the first *Hensgens* factor have analyzed whether the proposed amendment presents a valid cause of action. *Tillman v. CSX Transportation Co. Inc.* 929 F.2d 1023, 1029 (5th. Cir 1991); *Kling Realty Co., Inc. v. Texaco,* 2007 WL 4553611 (W.D. La. 2007).  The defendants have not argued that the claims sought to be added by the proposed amendment cannot be valid, as a matter of law, on the facts at issue, and this Court does not find that the proposed claims fail to state a valid cause of action.

Other courts consider whether the plaintiffs knew or should have known the identity of the non-diverse  defendants when the state court complaint was filed. *Schindler v. Charles Schwab & Co.*,  2005 WL 1155862, at *3 (E.D.La. May 12, 2005). It is reasonable to infer that the identity of the defendant sought to be added was known to the plaintiff in this case, since she is married to the non-party driver Felton Mallery, and presumably she is also an insured under the Gramercy insurance policy on the family vehicle. However, no reference was made in the original Petition for Damages to the fault of Felton Mallery or any party other than Ms. Becker. It was not until the comparative fault issue was raised by the Progressive in its answer that the plaintiff sought to amend the pleadings.  The plaintiff has argued that until Progressive filed its answer, she understood and believed that liability would not be

contested by the defendants.  Once Progressive answered the suit and alleged that her damages were caused by the fault of a Louisiana resident, Felton Mallery,  "[A]t the risk of stating the obvious, this newly identified tortfeasor defeats diversity." [Doc. 7-1, p. 1] Felton Mallery was not named as a third party defendant simultaneous with the filing of Progressive's answer, and the reference to Felton Mallery in the answer, without more, does not defeat diversity.  The allegation of Felton Mallery's fault does, however, serve to put the plaintiff on notice that Progressive/Becker would seek to reduce the plaintiff's recovery at trial to the extent of the fault attributed to the 'empty chair' tortfeasor.   This Court finds no indication that the plaintiff's motion to amend was motivated by a desire to avoid federal jurisdiction, but was a reaction to the third party fault defense asserted by Progressive/Becker.

Under applicable Louisiana law, the plaintiff cannot sue her spouse for negligent injury:

> Spouses may not sue each other except for causes of action pertaining to contracts or arising out of the provisions of Book III, Title VI of the Civil Code [Matrimonial Regimes]; for restitution of separate property; for divorce or declaration of nullity of the marriage; and for causes of action pertaining to spousal support or the support or custody of a child while the spouses are living separate and apart.  La. R.S. 9:291.

The provision bars tort actions by a person against his or her spouse. *See, e.g., Kennedy–Fagan v. Estate of Graves*, 993 So.2d 255, 266 (La.App. 1 Cir.2008) ("Suits

in tort by a person against a spouse are prohibited by [La. R.S. 9:291].”); *see also Turner v. Law Firm of Wolff & Wolff*, 986 So.2d 889, 892 (La.App. 4 Cir.2008) (“[A]ccording to the mandates of La. R.S. 9:291, any actions between spouses must be asserted in a divorce proceeding.”). Although the Louisiana Supreme Court has described the purpose of La. R.S. 9:291 as “to maintain domestic tranquility and promote stability of family unit,” *see Smith v. S. Farm Bureau Cas. Ins. Co.*, 174 So.2d 122, 124 (La.1965), at least one Louisiana court has noted that another purpose of the statute is to prevent “collusion by spouses for tort recovery,” particularly in the context of claims brought against liability insurers. *See Eisenhardt v. Snook*, 986 So.2d 700, 706 (La.App. 2 Cir.2008), rev'd in part, 8 So.3d 541 (La.2009).  While a person may have a valid “cause of action” sounding in tort against his or her spouse, under Louisiana law, that person does not have a “right of action” against his or her spouse during the course of the marriage. *Smith*, 174 So.2d 122, 125 (“The immunity created by [La. R.S. 9:291] is not an exception to the creation of [a] substantive cause of action [in tort]; it is merely a procedural bar to [a person's] right to sue [his or her spouse] personally.”).  Thus, Felton Mallery is statutorily immune from suit by his wife, and he could not be a proper party defendant.

That interspousal immunity is, however, personal to the husband or wife and cannot be raised by an insurer in a direct action against the carrier. *Guillot v.*

*Travelers Indem.* Co., 338 So.2d 334, 336(La. App. 3d Cir. 1976), writ dismissed 341

So.2d 408.   The issue is squarely addressed in Louisiana's Direct Action statute, at

La. R.S. 22:1269(B)(1)(d):

> The injured person or his survivors or heirs mentioned in Subsection A of this Section, at their option, shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido, in the parish in which the accident or injury occurred or in the parish in which an action could be brought against either the insured or the insurer under the general rules of venue prescribed by Code of Civil Procedure Art. 42 only; however, such action may be brought against the insurer alone only when at least one of the following applies:...
>
> *(d) When the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons.* [Emphasis added]

Applying these statutory provisions to the facts before the Court, it cannot be

said that Plaintiff seeks to add an improper defendant to this litigation.  In fact, she

seeks to add the only viable defendant she could, her spouse's insurer. Therefore, this

Court concludes that the claims sought to be presented in the proposed amended

pleading are viable and valid claims. Although the claims could have been reasonably

anticipated by the plaintiff, this Court concludes that it was reasonable to assume that

liability was not being contested until the fault of Felton Mallery was put at issue by

the defendants and the proposed amendment is not sought solely in an effort to defeat

diversity. Thus, the first *Hensgens* factor weighs in favor of permitting amendment.

### Has the plaintiff been dilatory in asking for amendment?

The plaintiff could have named Gramercy as a defendant in the original Petition for Damages.  She did not do so, for the reasons articulated in brief and at oral argument, i.e. that liability was not being contested.  The proposed amendment was filed 27 days after the filing of Progressive's Answer, and within 30 days of the removal date.  It was filed one day before Becker's answer was filed.  On these facts, the Court finds no evidence of dilatory action by the plaintiff, and the second *Hensgens* factor weighs in favor of permitting amendment.

### Will the plaintiffs be significantly injured if amendment is not allowed?

As for the third *Hensgens* factor, the Court must consider the degree to which the plaintiff may be harmed if amendment is not allowed.  The plaintiff has not argued this factor directly, but it is reasonable to infer that if amendment is not allowed in this matter, the plaintiff would either be forced to litigate her case in a piecemeal fashion if she must bring a separate claim against Gramercy in state court, or run the risk of having fault allocated to Felton Mallery with no entity defending him if she chose not to sue Gramercy. This factor weighs in favor of allowing amendment.

*Are there any other factors bearing on the equities in the case at hand?*

The fourth *Hensgens* factor includes consideration of the original defendant's right to litigate in the federal forum, not an insignificant consideration, per *Hensgens*. The Court must therefore balance the original defendant's interest in maintaining a federal forum with the competing interest in avoiding potentially parallel litigation. Since the claims against the defendants are based on state law, there is no reason to anticipate that the state court would not or could not make fair determinations on the matters at issue. The case is in the early stages of discovery, and there are no dispositive motions pending. In balancing the equities in this case, and considering the positions of the parties in the context of the procedural history of this case, the Court concludes that the prejudice to the plaintiff associated with piecemeal litigation should the amendment be denied would be greater than the potential prejudice to the defendants should the amendment be permitted. Thus, the Court concludes that the equities weigh in favor of permitting the amendment.

### Recommendations

For the foregoing reasons, the Court finds that the *Hensgens* factors militate in favor of permitting the amendment of the pleadings. It is therefore recommended that the Motion to Amend Complaint [Rec. Doc. 7] be GRANTED. Since the amended pleading will add a non-diverse  party to the litigation, defeating diversity

jurisdiction, it is also recommended that the matter be REMANDED to the 15th Judicial District Court for the Parish of Vermilion, Louisiana, pursuant to 28 U.S.C. §1447(e).

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of court. A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglas v. United Services Automobile Association*, 79 F.3d 1415(5th Cir. 1996).

Signed at Lafayette, Louisiana this 2nd day of December, 2013.

_____
Patrick J. Hanna
United States Magistrate Judge

-11-